IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| ILINETH MENDOZA, | : | |
| | : | DOCKET NO.: 5:19-bk-03195-RNO |
| DEBTOR | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, | : | OBJECTION TO PLAN |
| | : | |
| MOVANT | : | HEARING DATE & TIME: |
| | : | OCTOBER 23, 2019, at 9:30 A.M. |
| v. | : | |
| | : | |
| ILINETH MENDOZA, | : | |
| | : | RELATED TO DOCKET NO.: 6 |
| RESPONDENT | : | |

PENNSYLVANIA DEPARTMENT OF REVENUE'S
OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

NOW COMES, the Commonwealth of Pennsylvania, Department of Revenue ("Department"), by and through its Office of Chief Counsel, and Counsel Joseph J. Swartz, and objects to the Confirmation of the above-captioned Debtor's Chapter 13 Plan ("Plan") filed on July 25, 2019, and Docketed at Number 6, as authorized by 11 U.S.C. § 1324(a), for the following reasons:

1. The Department objects to the confirmation of the Plan on the grounds that the Plan does not comply with the provisions of Chapter 13, and Title 11 in general, as required by 11 U.S.C. § 1325(a)(1), because it: (1) has not been proposed in good faith, as required by 11 U.S.C. § 1325(a)(3); (2) does not provide for the full payment of all Department claims entitled to priority under 11 U.S.C. § 507, as required by 11 U.S.C. § 1322(a)(2); and (3) does not provide for the full payment of all Department claims entitled to secured status under 11 U.S.C. § 506, as required by 11 U.S.C. § 1325(a)(5).

2. Specifically, Debtor's Plan fails to provide for payment of the Department's Proof of Claim, as required by the Bankruptcy Code. *See* Exhibit A. The Department's Proof of Claim is broken down as follows: (1) a <u>Secured Claim</u> in the amount of $3,364.25 for Personal Income Tax (PIT) liabilities of Debtor for the 2014 tax year; (2) an <u>Unsecured Priority Claim</u> in the amount of $600.45 for PIT liabilities of Debtor for the 2018 tax year; and (3) an <u>Unsecured Nonpriority Claim</u> in the amount of $118.13 for PIT liabilities of Debtor for the 2018 tax year.

    a. The PIT amounts for the 2018 tax year was estimated, as this PIT return was not filed as of the date the Proof of Claim was filed. Pennsylvania law allows the Department to estimate a taxpayer's PIT liability when the taxpayer has failed to file the required PIT returns. 72 P.S. § 7338(c).

3. The Department filed a PIT lien against Debtor on December 17, 2018, as a result of her failure to pay, in full, her PIT liabilities for the 2014 tax year. *See* Exhibit B. Accordingly, the Department has a secured claim that must be accounted for in Debtor's plan.[1]

    a. The Department's secured claim totals $3,364.25. It is unclear how the Debtor intends to provide for the payment of the Department's secured claim as the Plan does not specifically provide for its payment. Pursuant to the provisions of 11 U.S.C. § 522(c)(2)(B) prepetition tax liens can encumber and attach to otherwise exempt property.

Moreover, under 11 U.S.C. §§ 511 & 1325(a)(5) creditors holding secured tax claims retain their liens and receive full payment, plus 6% interest. Accordingly, the Plan must provide for the full payment of the Department's secured claim along with accrued interest in the amount of 6% percent. The Plan should also provide that the Department shall retain its tax lien(s) until such time as the claim is paid in full.

---

[1] A lien that "is not addressed and treated in some fashion during the course of a bankruptcy case" will pass through the bankruptcy case unaffected, and will remain enforceable *in rem. Olick v. Northampton County (In re: Olick)*, 517 B.R. 549, 562 (Bankr. E.D. Pa. 2014).

b. It is well-settled that, so long as the Department's secured tax claim has equity or otherwise validly attach to Debtor's property, in any amount, the entirety of the Department's liens may not be avoided or otherwise modified. *Nobleman v. American Sav. Bank*, 508 U.S. 324 (1993); *Dewsnup v. Timm*, 502 U.S. 410 (1992); *Ryan v. U.S.*, 725 F.3d 623 (7th Cir. 2012); *Woolsey v. Citibank*, 696 F.3d 1266 (10th Cir. 2012); *Hoekstra v. U.S.*, 255 B.R. 285 (E.D. Va. 2000), *In re Garrido-Yarnis*, 545 B.R. 459 (Bankr. S.D.N.Y. 2016); *In re Erb*, 2011 WL 2600647 (Bankr. M.D. Pa. 2011).

c. While the Department's secured tax claim attaches to all of Debtor's real and personal property, including otherwise exempt property,[2] if the Department's secured claim is not covered in its entirety by the Debtor's assets, the Department is willing to work with the Debtor to bifurcate its secured claim as necessary to correctly reclassify all or part of its secured claim as unsecured priority and unsecured nonpriority claims, and amend its proof of claim as necessary.

4. The Department also objects to the confirmation of Debtor's Plan on the grounds that the Debtor has not filed all appropriate prepetition tax returns for the four years preceding the filing of her bankruptcy petition, as required by 11 U.S.C. § 1308(a), thereby prohibiting the Department from fully determining its claim.

5. The Department's records show that the Debtor has not filed her PIT return for the 2018 tax year. The Plan should not be confirmed because of this delinquent tax return. In fact, 11 U.S.C. § 1308(a) requires Debtor to file said returns prior to the first scheduled date for the meeting of creditors. However, as of the date of the filing of this Objection, said return had not been filed. Accordingly, Debtor's Plan cannot be confirmed. 11 U.S.C. § 1325(a)(9).

a. These tax returns need to be filed for the Department to determine whether, and to what extent, there are outstanding tax liabilities, as it would alter the amount of the Department's

---

[2] Section 242 of the Tax Reform Code of 1971, 72 P.S. § 7242(a), provides that the Commonwealth's tax lien is against "real and personal property."

unsecured priority and nonpriority claims. Upon the filing of the delinquent returns, the Department will amend its Proof of Claim, as necessary.

      6.      By letter dated June 30, 2019, directed to the Debtor's counsel, the Department notified Debtor, and the Trustee, of the past-due prepetition state tax returns and requested that the delinquent tax return, for PIT for the 2018 tax year, be filed in accordance with 11 U.S.C. § 1308. A copy of that letter has been reproduced and attached hereto as Exhibit C. Upon review, as of the date of this objection, said returns have not been filed. Debtor's Plan cannot be confirmed absent the filing of these returns or Debtor providing evidence or documentation, including a sworn affidavit, supporting why such returns need not be filed.

      a.      The Department requests that, hereinafter, a copy of any and all past-due prepetition tax returns filed by Debtor, along with all corresponding documentation and schedules, be submitted to the undersigned counsel at the following address:

    Pennsylvania Department of Revenue
    Office of Chief Counsel
    P.O. Box 281061
    Harrisburg, PA 17128-1061
    Attn: Joseph J. Swartz, Esq.

      7.      Because of Debtor's unfiled tax returns, the Plan does not adequately provide for the payment of the Department's claim. The Department cannot file a complete, accurate, claim against the Debtor until the delinquent prepetition tax returns are filed and the Department determines the amount of tax principal and prepetition statutory interest that is outstanding.

      8.      Debtor's Chapter 13 Plan does not adequately provide for the Department's claim. Specifically, the failure of Debtor's Plan to provide for the full payment of the Department's Proof of Claim, including its secured and priority claims, violates 11 U.S.C. §§ 502(a); 1322(a)(2); & 1325(a)(5).

9. The Department also objects to the confirmation of Debtor's Plan on the grounds that the Plan is underfunded.

10. For the foregoing reasons, Debtor's Chapter 13 plan does not comply with the applicable provisions of the Bankruptcy Code and cannot be confirmed. *See* 11 U.S.C. § 1325(a).

WHEREFORE, the Department respectfully requests that the confirmation of the Debtor's Chapter 13 Plan be DENIED unless and until (1) the Debtor files all delinquent tax returns, and the Department is allowed adequate time to review the filings and amend its Proof of Claim as necessary; and (2) the Debtor submits an Amended Plan which provides for the full payment of the Department's claim(s) in the proper classification(s) and amount(s), including the payment of any tax due for the delinquent tax returns.

Respectfully submitted by,

DATE: October 2, 2019     By:    /s/ Joseph J. Swartz
Counsel
PA Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
PA Attorney I.D.: 309233
Phone: (717) 346-4645
Facsimile: (717) 772-1459
Email: JoseSwartz@pa.gov